EASTERN DIST.
*February*, 1836.

NOIRETTE,
f. w. c.
*vs.*
DIGGS'S HEIRS.

NOIRETTE, f. w. c. *vs.* DIGGS'S HEIRS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

An assumpsit by a deceased vendor, to refund the price of a slave which died of a redhibitory disease, is binding on his heirs.

Ten per cent. damages will not be awarded in an appeal case, which in its origin was one of litigation and uncertainty.

This is a redhibitory action.    The plaintiff alleges she purchased a negress slave of a certain C. W. Diggs, who soon after died of scrofula, which disease existed before and at the time of sale.    She claims a rescission of the sale with a return of the price, (four hundred and twenty-five dollars,) from the heirs and legal representatives of said C. W. Diggs, now deceased, who in his lifetime admitted the justice of her claim.

James B. Diggs, heir and attorney in fact of the other heirs of C. W. Diggs, deceased, admitted the sale, and pleaded the general denial to all other matters alleged in the petition, and further pleaded prescription.

On the trial the plaintiff proved by one witness that the deceased started from New-Orleans soon after the sale, which was made the 23d of November, 1831.    The slave died in three or four months afterwards.    The deceased promised to pay, and the defendant, J. B. Diggs, acting for himself and

the other heirs renewed the promise after receiving certificates from three physicians.

Upon this assumpsit the judge of probates gave judgment in favor of the plaintiff, for the price claimed, with interest thereon from the day of sale. The defendants appealed.

Eastern Dist.
February, 1836.

NOIRETTE,
f. w. c.
vs.
DIGGS'S HEIRS.

Soulé, for the plaintiff.

Strawbridge, contra.

Mathews, J., delivered the opinion of the court.

This is a redhibitory action in which the plaintiff claims restitution of the price of a female slave, sold to her by Christopher W. Diggs in his lifetime, who is represented by the defendants as his heirs ; prescription is pleaded by them to the suit and a general denial of all the allegations in the petition except their heirship. Judgment was rendered for the plaintiff in the court below, from which the defendants appealed.

The petition alleges the absence of the vendor from the state as an interruption of the prescription relied on by the defendants, and also an assumpsit on his part to refund the price of the slave on being informed that she had died shortly after the sale, of a hereditary and incurable disease. The record contains no evidence of the absence of the vendor, but there is proof of his having assumed to return the price, as declared in the petition. On this evidence, the court below seems to have based its judgment, and in our opinion acted correctly. There is a prayer in the answer to the appeal for ten per cent. damages; but it is believed that this is a case in which damages ought not to be decreed, because in its origin it was one of litigation and uncertainty.

An assumpsit by a deceased vendor, to refund the price of a slave which died of a redhibitory disease, is binding on his heirs.

Ten per cent. damages will not be awarded in an appeal case, which in its origin was one of litigation and uncertainty.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.